IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO. 1:05CR29

TINA UTT,
                    Defendant.

## ORDER/OPINION

On the 18th day of May, 2005, came the United States of America by Shawn Angus
Morgan, Assistant United States Attorney, and also came the defendant, Tina Utt, in person, and
by her counsel, Thomas W. Kupec, for hearing on the petition to revoke defendant's pre-trial
release based on allegations that Utt:

1.     Violated Condition #7(o) of her Conditions of Release by consuming alcohol on April 30,
       2005;

2.     Violated Condition #7(j) of her Conditions of Release by remaining in contact with co-
       defendant Michael Gaynor; and

3.     Violated Condition #7(u) of her Conditions of Release by failing to report her contact
       with law enforcement officers on April 30, 2005.

I.  Procedural History

On February 7, 2005,  Defendant Tina Utt was released on conditions set by Order
[Docket Entry 22].  On May 3, 2005, pre-trial services officer Vincent Zummo filed a "Petition
for Action on Conditions of Pretrial Release" seeking arrest of Defendant for alleged violations
of the Order.  By Order dated May 4, 2005, United States Chief District Judge Irene M. Keeley

directed Defendant be arrested and brought before the Court to answer the allegations made against her in the petition.

Defendant was arrested pursuant to the Court's order on May 10, 2005. Defendant had an Initial Appearance before the Court on May 11, 2005, and a full Rule 32 hearing was held on the Petition for Action on Conditions of Pretrial Release before the undersigned on May 18, 2005.

Defendant appeared in person and by her counsel, Thomas Kupec. The United States appeared by Shawn Morgan, its Assistant United States Attorney. During the Rule 32 hearing the undersigned heard the duly sworn testimony of Sgt. Dayton Mayle and pretrial services officer Vincent Zummo, and the argument of Defendant's counsel. Defendant produced no evidence. The undersigned announced his decision committing to memorialize the same by formal written Order.

## II. Contentions

The Petition alleges that Defendant violated:

1) Condition #7(o) of the Order Setting Conditions of Release which required Defendant to refrain from any use of alcohol while on release in this case. The Petition alleges that on April 30, 2005, at approximately 1:30 a.m., law enforcement officers responded to a disturbance at a residence. Upon their arrival they discovered several individuals including the defendant. She was observed consuming alcohol. The defendant registered a .030 BAC during a subsequent test.

2) Condition #7(j) of the Order Setting Conditions of Release which required Defendant to avoid all contact, directly or indirectly, with any persons who are or who may become a victim, or potential witness in the subject investigation or prosecution, including but not

limited to: Anyone who is named in the indictment against you unless that person is your spouse, child, parent, or sibling. The petition alleges the probation officer reviewed numerous written letters from Michael Gaynor, a co-defendant, to the defendant. This correspondence reveals the defendant has written Mr. Gaynor since his incarceration and her release on bond.

3)     Condition #7(u) of the Order Setting Conditions of Release which required Defendant to report as soon as possible, to the pretrial service office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop. The petition alleged Defendant failed to report her contact with law enforcement reported above as of the date of the Petition.

III. Findings Of Fact

Based on the testimony presented at the hearing held May 18, 2005, and the docket record as the same existed on May 18, 2005, the undersigned makes the following findings of fact:

1)     Defendant was placed on conditional release by Order dated February 7, 2005.

2)     Condition 7(o) of the Order Setting Conditions of Release provided: "The defendant shall . . . refrain from any use of alcohol."

3)     Condition 7(j) of the Order Setting conditions of Release provided: "The defendant shall . . . avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: Anyone who is named in the indictment against you unless that person is your spouse, child, parent, or sibling."

4)      Condition 7(u) of the Order Setting Conditions of Release provided: "The defendant shall report as soon as possible to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop."

5)      Defendant was released from federal custody on February 7, 2005, pursuant to the Order Setting Conditions of Release.

6)      Defendant signed an acknowledgment that she was aware of the conditions of her release, was aware of the penalties and sanctions for violations of her conditions of release, and promising to obey her conditions of release.

7)      Defendant is Pretrial Services Officer Vincent Zummo's assigned supervisee.

8)      Pretrial Services Officer Vincent Zummo personally reviewed the Conditions of Release with Defendant.

9)      On April 30, 2005, Defendant consumed alcohol in violation of her conditions of release.

10)     Defendant did not report her encounter with law enforcement that occurred on April 30, 2005.

11)     Defendant was in contact with co-defendant Michael Gaynor since her release, including sending Gaynor money.

12)     Defendant intentionally violated the conditions of her release.  The violations were not accidental, but were done with intent.

## IV.   Conclusion

Upon consideration of all the evidence, the undersigned concludes there is clear and convincing evidence that Defendant violated conditions 7(o), 7(j), and 7(u) of the Order Setting

Conditions of Release entered February 7, 2005.

Based on the factors set forth in 18 U.S.C. §3142(g) and the clear and convincing evidence presented at the hearing, the undersigned finds Tina Utt is unlikely to abide by any condition or combination of conditions of release.

It is therefore **ORDERED** that, pursuant to the provisions of 18 U.S.C. §3148 (a) , (b)(1)(B) and (2)(A) and (B), the release of Tina Utt  on conditions is **REVOKED** and that:

1)     Tina Utt be **REMANDED** to the custody of the United States Marshal pending further proceedings in this case;

2.     Tina Utt be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3.     Tina Utt be afforded a reasonable opportunity for private consultation with defense counsel;

4.     On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5.     The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: May 19, 2005.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE